# In the United States Court of Federal Claims

|  |  |
|---|---|
| BIG WILL TRUCKING, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> THE UNITED STATES, <br><br> *Defendant.* | No. 25-280 <br> (Filed: February 3, 2026) |

*Deshonda Charles*, D. Charles Law Firm, Houston, TX, for Plaintiff.

*Alexander Brewer*, Civil Division, U.S. Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge*.

On February 18, 2025, Plaintiff Big Will Trucking, LLC ("Big Will" or "BWT") filed a Complaint in this Court, alleging the United States Postal Service ("USPS") unlawfully terminated its contract ("Contract") and improperly imposed penalties for allegedly lost or stolen mail.  *See* Compl., ECF No. 1.  The Court granted-in-part Defendant's Motion to Dismiss Plaintiff's First Amended Complaint on November 20, 2025.  ECF No. 28 ("Op.").  In its Opinion, the Court, *inter alia*, (1) dismissed Plaintiff's breach of contract claim for failure to state a claim, and (2) dismissed Plaintiff's claim for breach of the duty of good faith and fair dealing for lack of subject-matter jurisdiction and, in the alternative, failure to state a claim.  *Id.* at 2.  The Court also ordered supplemental briefing on the remaining claim contesting the allegedly unlawful penalties.  *Id.* at 12.

Plaintiff filed a Motion for Reconsideration on December 22, 2025.  ECF No. 30 ("Mot.").  Plaintiff's Motion includes an affidavit from Plaintiff's owner, Mr. Henderson Grover, alleging USPS induced Plaintiff to assume additional mail routes and incur significant debt obligations to do so.  *Id.* at 2–3; *see* ECF No. 30-1 ("Grover Aff.").  Plaintiff argues the Grover Affidavit provides sufficient allegations to state a claim and for the Court to reconsider its prior dismissal.  Mot. at 3–4.

For the reasons below, Plaintiff's Motion, construed as either a Motion for Reconsideration or a Motion for Leave to File a Second Amended Complaint, is **DENIED**. First, the Grover Affidavit introduces new allegations not included in Plaintiff's First Amended Complaint, and therefore these allegations cannot be "reconsidered" by the Court.  Second, Plaintiff's Reply in Support of its Motion for Reconsideration improperly attempts to expand its Motion to include the Court's dismissal based on waiver and jurisdiction, and these arguments

are waived.  In the alternative, the Grover Affidavit does not alter this Court's conclusion that Plaintiff both abandoned its arguments and failed to present the operative facts of its claim to the Contracting Officer.  Finally, the Court denies leave to file a Second Amended Complaint based on the Grover Affidavit because (1) Plaintiff was in possession of the Grover Affidavit's allegations and did not include them in its first two Complaints, and (2) any amendment based on the Grover Affidavit would be futile.

**I.        Background and Procedural History**

The Court's November 20, 2025 Opinion outlined the facts of this case, and this Opinion will only recount them as relevant to the instant Motion.  *See* Op. at 2–5.

Plaintiff filed its Complaint on February 18, 2025, amended on July 29, 2025, alleging violations of both the Contract Disputes Act (CDA) and the Tucker Act.  *See generally* Compl.; Am. Compl., ECF No. 15.  Plaintiff alleged three claims under the CDA: (1) USPS breached the Contract by failing to follow its stated policies before imposing penalties for the bag discrepancies; (2) terminating the Contract early "for cause" violated the Contract's express and implied terms; and (3) awarding a new contract for a bid higher than Plaintiff's breached "the duty of good faith and fair dealing in the bid process."  Am. Compl. ¶ 19–30.

Defendant filed a Motion to Dismiss on May 21, 2025, which it renewed on August 15 after Plaintiff amended its Complaint.  ECF No. 16.  On November 20, 2025, the Court granted-in-part and deferred-in-part Defendant's renewed Motion.  Op. at 12.  The Court found while Plaintiff had adequately presented its breach of contract claim to the Contracting Officer, it failed to allege facts demonstrating the termination was in bad faith or an abuse of discretion.  *Id.* at 2.  The Court also found Plaintiff did not adequately present its claim for breach of the duty of good faith and fair dealing to the Contracting Officer.  *Id.* at 9.  In the alternative, the Court held Plaintiff failed to state a claim because it had not adequately alleged bad faith by USPS.  *Id.* at 10.  Without such allegations, Plaintiff could not demonstrate USPS's actions defied Big Will's "reasonable expectations" under the Contract.  *Id.* (citation omitted).

Plaintiff filed a Motion for Reconsideration on December 22, 2025.  Mot.  Defendant filed its Response on January 12, 2026, and Plaintiff replied on January 21, 2026.  Def.'s Resp. to Mot. for Recons. ("Resp."), ECF No. 33; Pl.'s Reply in Supp. of Mot. for Recons. ("Reply"), ECF No. 35.  The Motion is now ripe for review.

**II.       Legal Standards**

   **A.       Motion for Reconsideration**

Motions for reconsideration of non-final, or interlocutory, orders are governed by Rule 54(b) of the Court of Federal Claims ("RCFC").  *E&I Glob. Energy Servs., Inc. v. United States*, 152 Fed. Cl. 524, 530 (2021) ("RCFC 54(b) applies to reconsideration of interlocutory decisions, while the more rigorous RCFC 59(a) & (e) apply to reconsideration of matters for which Judgment has been entered.");  *see also Fla. Power & Light Co. v. United States*, 66 Fed. Cl. 93, 97 (2005).  RCFC 54(b) states "any order or other decision, however designated, that adjudicates

fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Unlike post-judgment motions, RCFC 54(b) motions reflect "the inherent power of the rendering trial court to afford such relief from interlocutory decisions as justice requires." *E&I Glob.*, 152 Fed. Cl. at 532 (citation modified). "As justice requires" is a flexible standard permitting a court's discretion, but "it is not an invitation for litigants to treat interlocutory decisions as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* at 533 (citation modified).

### B.    Motion for Leave to File an Amended Complaint

If a responsive pleading has already been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." RCFC 15(a)(2). The grant or denial of an opportunity to amend pleadings is within the Court's discretion. *Datascope Corp. v. SMEC, Inc.*, 962 F.2d 1043, 1045 (Fed. Cir. 1992).

A trial court may appropriately deny leave to amend where there are compelling reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403 (Fed. Cir. 1989) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"Unexcused delay is sufficient to justify the court's denial . . . if the party is seeking to amend the pleadings after the [trial] court has dismissed the claims it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065–66 (8th Cir. 2005); *see also Kader v. Sarepta Therapeutics, Inc.*, 887 F.3d 48, 61 (1st Cir. 2018) ("We have explicitly condemned a 'wait and see' approach to pleading, whereby plaintiffs having the needed information, deliberately wait in the wings . . . with another amendment to a complaint should the court hold the first amended complaint was insufficient." (citation modified)); *Datascope Corp.*, 962 F.2d at 1045 (holding plaintiff's delay in seeking to amend its complaint was undue because plaintiff "was, or should have been, aware" of the factual basis for its claim "long before" it sought to amend).

Judges on this Court have generally applied two different standards when considering whether an amendment is "futile" under RCFC 15(a)(2). *See FreeAlliance.com, LLC v. United States*, 173 Fed. Cl. 598, 607 n.11 (2024). The Federal Circuit has held in a patent case, applying Eighth Circuit law, that "[w]hen a party faces the possibility of being denied leave to amend on the ground of futility, that party must demonstrate that its pleading states a claim on which relief could be granted, and it must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006)

(citations omitted); *see also Island Creek Assocs., LLC v. United States*, 172 Fed. Cl. 729, 742 (2024) ("A court may deny a motion to amend a complaint based on futility if . . . the claim added by the amendment could not withstand a motion to dismiss."). "While such rulings by the Federal Circuit are not binding on this Court because they are not considered to be the law of the Federal Circuit, they can be instructive in nature." *FreeAlliance.com*, 173 Fed. Cl. at 607 n.11. Other judges on this Court have found an amendment is futile only when a court finds it "facially meritless and frivolous." *Id.* (collecting cases).

### III.  Discussion

#### A.  Plaintiff's Motion for Reconsideration Improperly Seeks to Introduce New Evidence and Does Not Address the Court's November 20, 2025 Opinion's Alternative Bases for Dismissal.

Plaintiff attempts to style the Grover Affidavit as containing "material facts now set forth with greater specificity." Mot. at 1. But the Affidavit contains new allegations that cannot be "reconsidered" because they were not previously presented to or considered by the Court. "While reconsideration enables a trial court to address oversights, a party may not raise an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." *CANVS Corp. v. United States*, 116 Fed. Cl. 294, 300 (2014) (citation modified); *cf. Bluebonnet Sav. Bank, F.S.B. v. United States*, 466 F.3d 1349, 1361 (Fed. Cir. 2006) ("[A]n argument made for the first time in a motion for reconsideration comes too late, and is ordinarily deemed waived and not preserved for appeal.").

Plaintiff's Motion argues the following allegations from the Grover Affidavit were not "addressed" by the Court:

> a. USPS affirmatively encouraged Big Will to assume additional mail routes that were being removed from another contractor suspected of fraudulent billing practices;
>
> b. USPS provided Big Will with an unsolicited "Work Sheet" identifying the additional routes and compensation, without requiring a competitive bid;
>
> c. USPS directed Big Will to add those routes to its existing contract and to extend the contract term through 2025 as a condition of taking on the expanded work;
>
> d. USPS knew and acknowledged that Big Will lacked the present capacity to service the additional routes and would be required to incur substantial debt and capital expenditures to do so;
>
> e. Big Will expanded its fleet, staffing, and operations solely in reliance on USPS's representations that the work would continue under the extended contract; and
>
> f. After inducing that expansion and reliance, USPS terminated the contract more than 20 months early, leaving Big Will with debt obligations incurred at USPS's urging and no corresponding revenue stream.

Mot. at 2–3.

However, other than USPS's termination of the Contract, Plaintiff's Amended Complaint contains none of these allegations, including any description of the circumstances leading to the formation of the Contract. *See generally* Am. Compl. ¶ 10 ("On July 1, 2021, Plaintiff Big Will Trucking, LLC began work on United States Postal Service Contract Number 77326 . . . Big Will Trucking operated under this contract for 18 months without incident or issue.").

The Amended Complaint does allege Plaintiff "secured additional trucks and expanded its operational capacity to ensure timely and reliable service to the United States Postal Service" after being awarded the Contract "in reasonable reliance on the full term of the [C]ontract." *Id.* ¶ 15. But without the additional allegations regarding the formation of the Contract, any reliance by Plaintiff would be unreasonable given the mutual termination on notice clause. *See* Op. at 10 ("Without allegations of bad faith, Plaintiff cannot demonstrate those actions defied their reasonable expectations under the Contract." (citation modified)); *see also* Resp. at 6 ("[T]here is not a single reference [in the Amended Complaint] of the Postal Service doing anything to induce BWT's reliance, other than awarding BWT the contract, despite what is now alleged in BWT's motion for reconsideration.").

The Motion also does not address the other bases for the Court's dismissal. *See* Resp. at 9–10. First, the Court held Plaintiff waived arguments related to its breach of contract and breach of the duty of good faith and fair dealing claims. Op. at 6–7. This waiver constituted an independent basis for dismissal. *Id.* Second, the Court held Plaintiff did not present its good faith and fair dealing claim to the Contracting Officer, and therefore the Court lacked subject-matter jurisdiction over the claim under the CDA. *Id.* at 9. The additional allegations in the Grover Affidavit do not impact this analysis, and Plaintiff's Motion makes no mention of these rulings by the Court. *See generally* Mot. Therefore, even if Plaintiff did include the Grover Affidavit in its initial Complaint, the Court must still dismiss these claims. This alone is sufficient grounds to deny Plaintiff's Motion.

### B.     Plaintiff's Arguments Raised for the First Time in its Reply Are Waived and, in the Alternative, are Without Merit.

For the first time, Plaintiff argues in its Reply that its Motion "seeks reconsideration of the entirety of the Court's dismissal rationale," including its findings on jurisdiction and waiver. Reply at 2. Once again, Plaintiff has waived its argument. "Raising [an] issue for the first time in a reply brief does not suffice; reply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) (addressing in the summary judgment context); *see also Kelly-Leppert v. United States*, No. 22-1301, 2022 WL 1447952, at *1 (Fed. Cir. May 9, 2022) (finding the Court of Federal Claims did not abuse its discretion in refusing to address an argument raised for the first time in a reply brief). However, the Court can evaluate the merits of Plaintiff's arguments to provide an alternative holding. *See Qwest Gov't Servs., Inc. v. United States*, 112 Fed. Cl. 24, 36–37 (2013).

On the question of jurisdiction, Plaintiff's only argument is that "the operative dispute remains USPS's exercise of termination authority and the financial consequences imposed on BWT in connection with that contract relationship." Reply at 3. Plaintiff maintains "the affidavit details are part and parcel of that same controversy." *Id.* While adding "factual details does not create a different claim, presenting a materially different factual theory does create a different claim" for subject-matter jurisdiction purposes under the CDA. *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1006 (Fed. Cir. 2015) (citation modified).

As the Court stated in its November 20 Opinion, "a contractor must state 'the operative facts of a claim for breach of the duty of good faith and fair dealing' to put the contracting officer on notice." Op. at 9 (quoting *RMA Eng'g S.A.R.L. v. United States*, 140 Fed. Cl. 191, 221 (2018)). The additional facts contained in the Grover Affidavit are the operative facts Plaintiff was required to present to the Contracting Officer. Plaintiff summarizes the Grover Affidavit's allegations as follows: "that the USPS recruited Big Will to assume additional routes removed from another contractor suspected of fraud; provided an unsolicited 'Work Sheet' without competitive bidding; directed Big Will to add the routes to its existing contract and extend the contract term; knew Big Will lacked capacity and would need to incur substantial debt to perform; encouraged that expansion; and terminated the contract after Big Will relied and expanded capacity." Reply at 6. These are allegations that "[USPS] interfered with [Plaintiff's] performance or intended or attempted to destroy [Plaintiff's] reasonable expectations regarding the fruits of the Contract, *i.e.*, the operative facts of a claim for breach of the duty of good faith and fair dealing." *RMA Eng'g S.A.R.L.*, 140 Fed. Cl. at 221.

None of the additional allegations in the Grover Affidavit were presented to the Contracting Officer. *See* Pl.'s Exs., ECF No. 24-1; Def.'s App., ECF No. 16-1. Nor does the Grover Affidavit allege they were presented to the Contracting Officer. *See generally* Grover Aff. Accordingly, the Court declines to reconsider its dismissal of Plaintiff's good faith and fair dealing claim for failure to present the claim to the Contracting Officer.

As to waiver, Plaintiff states "[w]aiver doctrines do not override the Court's discretion under RCFC 54(b) to revise interlocutory rulings where justice requires." Reply at 7. But Plaintiff has not shown why justice requires it here. On the contrary, justice requires enforcement of waiver and abandonment doctrines. Allowing Plaintiff to make new arguments and resurrect issues it did not address in its Response to Defendant's Renewed Motion to Dismiss would encourage a "buckshot-like approach to advocacy" which "undermines both judicial economy and basic notions of fairness." *Golden IT, LLC v. United States*, 157 Fed. Cl. 680, 695 (2022) (citing *Cap Export, LLC v. Zinus, Inc.*, 722 F. App'x 1004, 1009 (Fed. Cir. 2018)). Plaintiff could have sought leave to amend its Complaint after reviewing Defendant's Renewed Motion to Dismiss but instead chose to provide no substantive response. The Court cannot now correct for that choice.

6

### C. Even if Construed as a Motion for Leave to File a Second Amended Complaint, the Court Would Deny Plaintiff's Motion Based on Undue Delay and Futility.

In the interest of judicial economy, the Court will also consider Plaintiff's Motion as one for leave to file a Second Amended Complaint containing the new allegations in the Grover Affidavit. *See* Reply at 1 ("Alternatively, should the Court determine that the proper procedural mechanism is amendment rather than reconsideration, Plaintiff respectfully requests leave to amend to formally plead these facts."). Here, too, Plaintiff's Motion falls short.

Leave to amend should be denied where a plaintiff was in possession of the relevant facts sought to be included in its original or previously amended complaint and did not include them. *See Datascope Corp.*, 962 F.2d at 1045. All the information contained in the Grover Affidavit was known to Plaintiff and could have been included in either Plaintiff's original Complaint or First Amended Complaint. Plaintiff's original Complaint was filed almost one year ago on February 18, 2025. Compl. Its Proposed First Amended Complaint was filed almost six months ago on July 11, 2025. Am. Compl. Defendant filed Motions to Dismiss in response to both Complaints, and Plaintiff was on notice as to the Complaints' deficiencies. ECF No. 7; ECF No. 16. Allowing Plaintiff to amend its Complaint now "would impose unnecessary costs and inefficiencies on both the [Court] and [Plaintiff's] party opponent[]." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 57 (1st Cir. 2008). "[P]laintiffs do not get . . . repeated bites at the apple, forcing a [trial] judge to decide whether each successive complaint was adequate . . . ." *Id.*

Furthermore, any request to amend Plaintiff's Complaint to include the Grover Affidavit's allegations would be futile. *See Foman*, 371 U.S. at 182 (identifying "futility of amendment" as a basis for denying leave to amend). As previously discussed, the Grover Affidavit does not address the independent grounds upon which the Court granted-in-part Defendant's Motion to Dismiss the First Amended Complaint: (1) waiver or abandonment, and (2) lack of subject-matter jurisdiction. *See supra* Section III.A–B. The Court found Plaintiff's Response to Defendant's Renewed Motion to Dismiss abandoned arguments for both its breach of contract and breach of the duty of good faith and fair dealing claims. Op. at 6–7. Even if Plaintiff had included the Grover Affidavit's allegations in its First Amended Complaint, its waiver of arguments in response to Defendant's Renewed Motion to Dismiss would still require dismissal.

Plaintiff's argument that "dismissal for jurisdictional defects does not foreclose amendment where defects are curable" is a correct statement of law but does not impact the analysis here. Reply at 7–8 (citing *Mendez v. United States*, 121 Fed. Cl. 370, 386 (2015)). This Court's CDA jurisdiction "requires both that a claim meeting certain requirements [has] been submitted to the relevant contracting officer and that the contracting officer [has] issued a final decision on that claim." *K-Con Bldg.*, 778 F.3d at 1005; *see* 41 U.S.C. § 7103(a)(1) ("Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision.").

7

Regardless of whether the Grover Affidavit "demonstrate[s] that the dispute arises directly from contract performance and termination conduct," Reply at 7, it cannot overcome the fact that the new allegations were not presented to the Contracting Officer. *See Reliance Ins. Co. v. United States*, 931 F.2d 863, 866 (Fed. Cir. 1991) (stating that a claim to the contracting officer for breach of the duty of good faith and fair dealing must be "clear and unequivocal"). Because the Grover Affidavit contains no indication that any of its allegations were made to the Contracting Officer, the Court would lack jurisdiction to consider them even if properly pled.

For all these reasons, any amendment by Plaintiff based on the Grover Affidavit would be futile and therefore "frivolous." *FreeAlliance.com*, 173 Fed. Cl. at 607 n.11.

## IV. Conclusion

Plaintiff's Motion for Reconsideration is **DENIED**. ECF No. 30. The Court **ORDERS** the parties to hold at least one settlement conference on or before February 26, 2026. The parties **SHALL** file a Joint Status Report on the status of their settlement negotiations by March 2, 2026. If the parties have not made substantial progress toward or finalized a settlement agreement by March 2, 2026, the supplemental briefing ordered in the Court's November 20, 2025 Opinion **SHALL BE SUBMITTED** by March 16, 2026. The case is **STAYED** pending further order of the Court.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge